■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ALBERT THORNTON, Respondent-Appellant, v. EDWARD M. FAY, as Warden of Green Haven Prison, Appellant-Respondent.— In a habeas corpus proceeding, the parties cross-appeal as follows from an order of the Supreme Court, Dutchess County, entered April 13, 1962, after a hearing: (1) the prison Warden appeals, as limited by his brief, from so much of the order as directed that the relator, in the computation of his prison time, be credited with "all the time spent in the custody of the New York City authorities after his surrender to them by his parole officer" and that the records of the Correction Department be amended accordingly; and (2) the relator appeals from so much of said order as dismissed the writ and remanded him to the custody of the prison Warden. Order, insofar as appealed from, reversed on the facts, without costs; and proceeding remitted to the Special Term of the Supreme Court, Dutchess County, for further hearings and for final disposition not inconsistent herewith. In our opinion, further hearings should be held to inquire into relator's allegation in his petition that the State Parole Board has unlawfully charged him with delinquent time computed from the date of its declaration of his delinquency (Jan. 31, 1960) until the date of his arrest (April 11, 1961). If it be found that the Parole Board unlawfully charged relator with the alleged delinquent time, the writ should be sustained and the relator released. It necessary to a disposition of relator's petition, the Attorney-General, upon the hearings, should submit evidence as to whether the Parole Board attempted to reclaim relator subsequent to his conviction and prior to his imprisonment at Riker's Island in May, 1961. Ughetta, Acting P. J., Kleinfeld, Christ, Brennan and Hopkins, JJ., concur.

■ ROSALIE CIRAULO, Respondent, v. NICHOLAS CIRAULO, Appellant.— Motion by appellant for a stay, pending appeal, granted on condition that appellant shall pay the alimony *pendente lite* at the rate of $50 a week, and on the further condition that appellant shall perfect the appeals for the February 1963 Term, beginning January 28, 1963; appeals ordered on the calendar for said term. Motion by appellant to dispense with printing granted. The appeals will be heard on the original papers and on the typewritten briefs of the parties; the briefs to set forth the opinion, if any, rendered by the Special Term. The parties are directed to file six copies of their respective typewritten briefs and to serve one copy on each other. The appellant's brief must be served and filed on or before January 22, 1963. Beldock, P. J., Kleinfeld, Christ, Hill and Hopkins, JJ., concur.

■ JEAN MARDER, Appellant, v. BETTY'S BEAUTY SHOPPE, Respondent. AARON H. GARFINKEL, Respondent.— Motion by respondent Aaron H. Garfinkel to vacate the stay heretofore granted by order of this court, dated November 26, 1962, and to dismiss the appeal to this court from an order of the Appellate Term of the Supreme Court. Motion granted; stay vacated and appeal dismissed, without costs. Beldock, P. J., Ughetta, Brennan, Hill and Rabin, JJ., concur.